**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Hernandez-Echevarria,  )<br>  )<br>    Movant,  )<br>  )<br>vs.  )<br>  )<br>United States of America,  )<br>  )<br>    Respondent.  )<br>_____ ) | No. CV 08-2073-PHX-MHM<br>CR 05-815-2-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is a Report and Recommendation (R&R) issued by Magistrate Judge Michelle H. Burns on Movant Henry Hernandez-Echevarria's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence. (Dkt.#1).[1] Also pending before the Court is Movant's Motion to Consider Further Evidence. (Dkt.#13). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

On November 7, 2008, Movant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The matter was

---

[1] In Ground Four, Movant sought a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Ground Four is no longer part of the instant Motion, since the issue of Movant's potential entitlement to a reduction of sentence was addressed by the Court in United States v. Hernandez-Echevarria, No. CV-05-0815-PHX-MHM. On December 14, 2009, the Court rejected Mr. Hernandez-Echevarria's request for a reduction. (See id. Dkt.#185).

referred to United States Magistrate Judge Michelle H. Burns, who issued the R&R on August 7, 2009 recommending Movant's motion be denied. (Dkt.#11). Movant then filed an Objection (Dkt #12), and a Motion to Consider Further Evidence, (Dkt.#13), along with an Affidavit. (Dkt #15).

## I. BACKGROUND

As a result of an investigation of a drug trafficker, the Scottsdale Police Department began surveillance and investigation of a suspected drug stash home located in Mesa, Arizona. (Dkt.#9 at 2). On August 13, 2005, detectives served a search warrant on the home. (Id.). Once inside, police discovered approximately one pound of cocaine, one-half pound of methamphetamine, $8,915 in cash, a drug ledger notebook and other drug-related items. (Id.). While police officers searched the house, a silver Honda Accord that had been observed going to and from the house during previous surveillance operations was stopped at a location near the Holmes address. (Id. at 3). Movant was driving the vehicle and after being questioned, Movant identified himself using the alias "Adan Hernandez." (Id.). Police searched the vehicle and found multiple plastic bags filled with approximately eight pounds of cocaine, nine pounds of methamphetamine and miscellaneous drug-related items in a hidden compartment under the rear seat. (Id.). Police also found $4,335 in the vehicle. (Id.).

Police were later able to identify Movant as the individual who rented and paid for the stash-house under the alias "Adan Hernandez Obesco." (Id.). It was also discovered that two days before his arrest, Movant, using the same alias, had registered a Ford Focus automobile at the address of the stash-house. (Id.).

Movant ultimately pled guilty to the Indictment in court. The Indictment included a charge of Conspiracy to Possess with Intent to Distribute Cocaine and Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(ii). (Dkt. #9 at 2). Movant pled guilty without a plea agreement. The court sentenced Movant to a 168 month term of imprisonment. (Id.). Movant appealed alleging his sentence was unreasonable due to the disparity between his sentence and the sentences received by his co-

defendants. (Id.). In a March 11, 2007 Memorandum Opinion, the Ninth Circuit affirmed Movant's sentence. (Id.).

On November 7, 2008, Movant filed a pro se Motion pursuant to 28 U.S.C. § 2255 asserting four grounds for relief. (Dkt. #1). In Ground One, Movant alleges that his sentence is illegal because he was not advised of, and did not waive, his right to have the government prove the drug quantity to a jury, and therefore his sentence is based on "unproven and unadmitted drug quantities." (Id. at 5). In Ground Two, Movant contends he was offered a plea agreement that would have capped his sentence at 144 months imprisonment, and that he did not accept the proposed plea because his attorney incorrectly advised him that the proposed plea was conditioned upon cooperation with the government to incriminate Movant's cousin. (Id. at 6). Movant claims that he would have accepted the plea agreement had he been aware that cooperation was unnecessary. (Id.). In Ground Three, Movant alleges that his trial and appellate counsel were constitutionally ineffective based on the acts and omissions described in Grounds One and Two. (Id. at 7). Ground Four presents the Movant's 28 U.S.C. § 3582(c)(2) claim which was not included in the R&R and was addressed separately by this Court in United States v. Hernandez-Echevarria, No. CV-05-0815-PHX-MHM.

On March 2, 2009, the United States ("Respondent") filed a Response to Movant's Motion (Dkt. #9), and on March 17, 2009, Movant filed a Reply (Dkt.#10). In its briefing, Respondent argued that all of Movant's claims fail on the merits. On August 7, 2009, Magistrate Judge Michelle H. Burns issued a R&R dismissing Movant's 28 U.S.C. § 2255 Motion. (Dkt.#11). Movant objects to the Magistrate Judge's R&R in its entirety. (Dkt.#12).

## III. STANDARD OF REVIEW

The Court must review *de novo* the magistrate judge's recommendation to grant or deny a habeas petition. 28 U.S.C. § 636(b)(1)(c). In addition, the Court must review *de novo* the factual analysis in the R&R for those facts to which objections are filed. Id. Failure to

object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II. DISCUSSION

### A. Ground One

In Ground One, Movant claims that his sentence is illegal because he was not advised of and did not waive his right to have the government prove the drug quantity to a jury. (Dkt.#1 at 5). Respondent claims that Movant waived this argument because he failed to raise it on direct appeal. (Dkt.#9 at 4). Respondent also claims—and Magistrate Judge Burns agrees—that Movant's sentence is not illegal because it did not exceed the statutory maximum for the crime. (Id. at 5). The Court agrees with Magistrate Judge Burns' determination on this issue.

Movant's multiple admissions set forth in the change of plea proceeding regarding the quantity of drugs are clear. During the change of plea proceeding, Movant repeatedly admitted to knowing that he was involved with transporting more than 500 grams of methamphetamine and cocaine. (Dkt.#9, Exh 2 at 23-26). Furthermore, the sentencing guidelines require the court to include relevant conduct in the sentencing calculation. The Ninth Circuit has held that provisions of the Guidelines that use compulsory language require the district court to consider drug amounts from acts outside the offense of the conviction, so long as they "were part of the same course of conduct or common scheme or plan as the offense of conviction[.]" U.S.S.G. § 1B1.3(a)(2)2; see United States v. Grissom, 525 F.3d 691, 698-99 (9th Cir. 2008) (the district court "cannot, however, decline to consider conduct that qualifies as relevant under the guideline"). In addition, the term "illegal sentence" has a precise legal meaning. United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999). A sentence is only illegal if it is one "'not authorized by the judgement of conviction' or 'in excess of the permissible statutory penalty for the crime." Vences, 169 F.3d at 613. Movant's sentence was authorized by the judgement of conviction and did not exceed the

1 permissible statutory penalty of life imprisonment. Accordingly, the Court agrees with the R&R and finds that Movant's sentence was not illegal or based on unproved drug quantities.

**B.     Grounds Two & Three**

Grounds Two and Three both assert ineffective assistance of counsel claims. In Ground Two, Movant claims that his attorney incorrectly advised him that the plea deal he accepted required him to incriminate his cousin. (Dkt.#1 at 6). In Ground Three, Movant argues that his attorney should have objected to the use of drug quantities to determine sentencing. (Id. at 7).

To prevail on an ineffective assistance of counsel claim, an individual must show (1) that counsel's representation fell below the objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689-90. The two prong test set forth in Strickland also applies to challenges to guilty pleas and rejections of plea agreements based on ineffective assistance of counsel. Wood, 207 F.3d at 1012; Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below the level of competence demanded of attorneys in criminal cases. See Lockhart, 474 U.S. at 56. To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In other words, to establish prejudice in rejecting a plea agreement, Movant must prove that there was reasonable probability that he would have accepted the offer. Wood, 114 F.3d at 1012 (9th Cir. 1997).

1. Plea Agreement and Guilty Plea

In regards to Movant's claim that his attorney incorrectly represented the plea agreement, it is undisputed that Movant was offered a plea agreement that would have capped his sentence at 144 months imprisonment, and that Movant did not accept the government's

plea deal. (Dkt.#1 at 6). Movant alleges that the reason he declined to accept this agreement was because his attorney incorrectly advised him that the plea was conditioned on his cooperation with the government to incriminate his cousin. Movant contends that he would have accepted the agreement had he been aware that cooperation with the government was unnecessary. (Dkt.#1 at 6). The United States responds by arguing that there is no evidence to suggest that Movant rejected the deal based on the advice of counsel or that Movant would have accepted the plea deal but for his attorney's advice. (Dkt.#9 at 6-7).

Magistrate Judge Burns found that Movant's allegations with respect to the plea deal lacked merit, as Movant failed to submit any evidentiary support and that his claims regarding his attorney were 'conclusory' and not credible. (Dkt#11 at 9). Movant objected to this finding and submitted a Motion to Consider Further Evidence (Dkt.#13), Declaration in Support of Motion to Consider Further Evidence (Dkt.#14), and an affidavit by an attorney, Sean Bruner. (Dkt.#15).

The Court agrees with Magistrate Judge Burns, and notes that Movant failed to show that his counsel's representation fell below the standard of reasonableness or that, but for his counsel's actions, he would have taken the plea agreement.

First, nothing in the record supports Movant's belief that the plea deal was contingent on him acting to incriminate his cousin, and transcripts of the Pretrial Conference, the Change of Plea hearing, and Sentencing all contradict Movant's unsupported allegations. During the April 25, 2006 Pretrial Conference, all of the terms of the proposed plea agreement and deadline were explained in detail to Movant. (Dkt.#9, Exh 1 at 12-13). Furthermore, during the Change of Plea hearing, Movant assured the Court that he was satisfied with the performance of his attorney. (Id. at 8-10). As the Ninth Circuit has noted, "[s]olemn declarations in open court carry a strong presumption of verity." United States v. Rebalcaba, 811 F.2d 491, 494 (9th Cir. 1986).

In addition, the Sean Bruner affidavit along with Movant's Motion to Consider Further evidence are unavailing and provide no support to Movant's contention. The Bruner affidavit

only states that Bruner recalls Movant claiming his attorney wanted Movant to cooperate with the government. (Dkt.#15 at 1). The Bruner affidavit offers nothing with respect to whether Movant's counsel advised him that the plea offer hinged on cooperation. As such, the Bruner affidavit does not make Movant's ineffective assistance of counsel claims any more plausible.

Movant also fails to establish that, but for his counsel's alleged ineffectiveness, he would have accepted the offer. A defendant who pleads guilty demonstrates prejudice caused by counsel's ineffectiveness by establishing a reasonable probability that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial. Lockhart, 474 U.S. at 59. As Magistrate Judge Burns noted, Movant does not even assert that but for his counsel's advice he would have accepted the government's plea offer. On the contrary, Movant writes, "[b]ecause I was guilty ... I pled guilty [] and [I] am not now backing out of it." (Dkt #1 at 5).

Finally, as Magistrate Burns points out, Movant was repeatedly provided with an opportunity to speak in open court: at the pretrial conference, prior to his guilty plea, prior to Sentencing, and at the Sentencing Hearing. At no time did Movant assert that he believed the Government's offer was predicated on cooperation. In fact, the record is demonstrably silent as to Movant's supposed interest in accepting the proposed plea deal. For these reasons, Movant's claim fails.

2. Drug Quantities

Movant also alleges that his attorney was ineffective because he did not object to the admission of drug quantities during sentencing. Magistrate Judge Burns determined that Movant failed to provide any reason why counsel should have objected to the drug quantities. (Dkt.#9 at 6; Dkt.#11 at 11). The Court agrees. It is altogether unclear why Movant's counsel should have objected to the drug quantities when Movant had already agreed to the drug quantity numerous times during the change of plea proceeding. (Dkt.#9-2). As such, Movant's ineffective assistance of counsel claim related to the drug quantities also fails.

/ / /

1     **Accordingly,**

2     **IT IS HEREBY ORDERED** overruling Movant's Objections to the Magistrate
3 Judge's Report and Recommendation. (Dkt.#12).

4     **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and
5 Recommendation in its entirety as the Order of the Court. (Dkt #11).

6     **IT IS FURTHER ORDERED** denying Movant's Motion to Consider Further
7 Evidence. (Dkt.#13).

8     **IT IS FURTHER ORDERED** directing that this case be closed and that the Clerk
9 enter judgment accordingly.

10     DATED this 3rd day of June, 2010.

_____
Mary H. Murguia
United States District Judge